## Sale of Poultry in Package Form

SCRAGG, Deputy Attorney General, December 10, 1941.—You have asked to be advised whether it is lawful to sell poultry, wrapped in cellophane or in package

form, each package being marked with the net weight, at a certain price per package. Your inquiry involves the interpretation of section 2 of the Act of July 24, 1913, P. L. 965, 76 PS §242, which reads:

"All liquid commodities, when sold in bulk or from bulk, shall be sold by weight or liquid measure. All dry commodities, when sold in bulk or from bulk, shall be sold by weight, dry measure or numerical count."

The first section of the said act above referred to defines the word "commodity" as "any tangible personal property sold or offered for sale": 76 PS §241. Obviously, poultry is a dry commodity within the above definition, and has been so held in the case of Commonwealth v. The Great Atlantic & Pacific Tea Co. et al., 35 D. & C. 288 (1938).

The second section above quoted provides that dry commodities shall be sold by weight, dry measure, or numerical count.

You state that the question arises because of three conflicting opinions which you have received, to wit: (1) A letter of the Department of Justice, dated March 25, 1935; (2) opinion of Hon. Eugene V. Alessandroni, judge of the Court of Quarter Sessions of Philadelphia County (unreported); and (3) opinion of Hon. Gerald F. Flood, also judge of the same court, in Commonwealth v. The Great Atlantic & Pacific Tea Co. et al., supra.

The first two opinions hold that the sale of poultry under the act in question must be by weight, and the reason assigned for the conclusions in both opinions is that it has previously been the usage and custom to sell poultry by weight. The third opinion holds that the sale of poultry under the act in question may be by weight or numerical count.

Apparently, the act in question was intended to protect the purchasing public against fraud or deception as to the quantity or amount of the commodity offered for sale. However, your inquiry states that the pack-

age is marked on the wrapper with the weight of the net contents; so if the purchaser is interested in the weight, the information is present and there is no chance for imposition on the purchaser.

Judge Flood in his opinion points out the fallacy of the reasoning in the opinion of Judge Alessandroni, when he says (p. 290):

"We hesitate to disagree with the authority of this opinion, but its logic would lead us into other positions to which we could not agree. Potatoes and other vegetables for instance were, we think, sold almost universally by dry measure prior to 1913. They are now sold almost exclusively by weight. The newer method operates the better to protect the purchaser, yet the logic in the opinion quoted would make it illegal to sell potatoes or other vegetables by weight."

The letter of the Department of Justice, dated March 25, 1935, is based on the same logic as the opinion of Judge Alessandroni, with which logic we cannot agree and the said letter is overruled.

The Act of 1913, supra, is a criminal statute and must be strictly construed and, when the act says all dry commodities shall be sold by weight, dry measure, or numerical count, it means just what it says.

The court further stated, in the case of Commonwealth v. The Great Atlantic & Pacific Tea Co. et. al., supra, at page 289:

"Upon the face of the act numerical count is a legal method of selling a chicken, which is a dry commodity. Any such commodity may be sold by weight or by dry measure or by numerical count. The seller may use any of the methods for any dry commodity."

Therefore, it is our opinion and you are accordingly advised that poultry in package form may legally be sold at a certain price per package or, in other words, by numerical count.